UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF JASON THOMSON,

      Plaintiff,

v.

CHRISTOPHER VAUBEL, BEN HARVATH,
KAREN PINEDA, MICHAEL O'DONNELL,
ALEX WANISH, THOMAS BEHN, SCOTT DELSART,
ADAM SCHARTNER, REBECCA WARREN,
MATTHEW WEST, CLINT PELISCHEK,
KKAYLA KUCHTA, BRYCE HAINES,
THE CITY OF GREEN BAY, BROWN COUNTY,
ABC INSURANCE COMPANY, and XYZ INSURANCE
COMPANY,

      Defendants.

Case No. 1:23-cv-84

---

### DEFENDANTS' ANSWER and AFFIRMATIVE DEFENSES

---

Defendants, Christopher Vaubel, Ben Harvath, Karen Pineda, Michael O'Donnell, Alex Wanish, Thomas Behn, Scott Delsart, and the City of Green Bay, by their attorneys, WIRTH + BAYNARD, submit their Answer to Plaintiff's Complaint (Dkt. No. 1) as follows:

### I.    INTRODUCTION

1. Answering paragraph 1, admit that this is a civil action brought pursuant to 42 U.S.C. § 1983. As to the remining allegations against the City of Green Bay or any of the individually named Green Bay Police Officers (hereinafter referred to collectively as "Green Bay Defendants") deny.

2. Answering paragraph 2, admit that shortly before midnight on February 9, 2020, Thomson was reported to have suffered a seizure and subsequently transported to St. Vincent Hospital and that sometime after receiving treatment and being medically cleared for release,

1

Thomson became verbally and physically assaultive towards hospital staff, which prompted a call and response from the City Defendants. Admit that even after the City Defendants arrived on scene, Thomson continued his resistive behaviors and was ultimately arrested, placed in a WRAP restraint and transported to the Brown County Jail (while in the WRAP) to be booked on charges of disorderly conduct and resisting arrest. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

3. Answering paragraph 3, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

4. Answering paragraph 4, deny that the City Defendants failed to provide medical treatment or seek emergency medical services for Thomson. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

5. Answering paragraph 5, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

6. Answering paragraph 6, this allegation states a legal conclusion for which no response is required. To the extent a response is required, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

## II. JURISDICTION AND VENUE

7. Answering paragraph 7, upon information and belief, admit.

8. Answering paragraph 8, lack knowledge or information sufficient to form a belief as to the truth falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

9. Answering paragraph 9, lack knowledge or information sufficient to form a belief as to the truth falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

### III. VENUE

10. Answering paragraph 10, upon information and belief, admit.

### IV. PARTIES

11. Answering paragraph 11, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

12. Answering paragraph 12, admit that Ben Harvath is an adult citizen of the United States and a resident of Wisconsin and that all times relevant was employed as a Green Bay police officer and was present during Thomson's arrest and placement into the WRAP device. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

13. Answering paragraph 13, admit that Karen Pineda is an adult citizen of the United States and a resident of Wisconsin and that all times relevant was employed as a Green Bay police officer and was present during Thomson's arrest and placement into the WRAP device. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

14. Answering paragraph 14, admit that Christopher Vaubel is an adult citizen of the United States and a resident of Wisconsin and that all times relevant was employed as a Green Bay police officer and was present during Thomson's arrest and the attempts to control Thomson including in the WRAP device. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

15. Answering paragraph 15, admit that Michael O'Donnell is an adult citizen of the United States and a resident of Wisconsin and that all times relevant was employed as a Green Bay police officer and was present during Thomson's arrest and the attempts to control Thomson including in the WRAP device. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

16. Answering paragraph 16, admit that Alex Wanish is an adult citizen of the United States and a resident of Wisconsin and that all times relevant was employed as a Green Bay police officer and was present during Thomson's arrest and the attempts to control Thomson including in the WRAP device. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

17. Answering paragraph 17, admit that Thomas Behn is an adult citizen of the United States and a resident of Wisconsin and that all times relevant was employed by the Green Bay police department as a sergeant and was present during Thomson's arrest and the attempts to control Thomson including in the WRAP device. As to the remaining allegations, lack

4

Case 1:23-cv-00084-WCG   Filed 03/30/23   Page 4 of 18   Document 27

knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

18. Answering paragraph 18, admit that Scott Delsart is an adult citizen of the United States and a resident of Wisconsin and that all times relevant was employed as a Green Bay police officer and was present during Thomson's arrest and the attempts to control Thomson including in the WRAP device. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

19. Answering paragraph 19, admit.

20. Answering paragraph 20, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

21. Answering paragraph 21, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

22. Answering paragraph 22, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

23. Answering paragraph 23, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

24. Answering paragraph 24, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

25. Answering paragraph 25, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

26. Answering paragraph 26, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

27. Answering paragraph 27, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

28. Answering paragraph 29, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

29. Answering paragraph 29, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

**V. FACTS**

30. Answering paragraph 30, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

31. Answering paragraph 31, upon information and belief, admit.

32. Answering paragraph 32, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

33. Answering paragraph 33, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

34. Answering paragraph 34, admit that at some time in the early morning hours of 2/10/20 Green Bay Police Officers were dispatched to St. John's hospital for reports of a disorderly patient. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

35. Answering paragraph 35, admit the reason that Officers O'Donnell and Vaubel were dispatched. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

36. Answering paragraph 36, admit that Officer O'Donnell grabbed Thomson's wrist and attempted to gain control of him, but deny that any "use of force" occurred. As to the

7

remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

37. Answering paragraph 37, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

38. Answering paragraph 38, admit that it was not until Officer Wanish arrived that Thomson was able to be handcuffed. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

39. Answering paragraph 39, admit.

40. Answering paragraph 40, deny that Officer Wanish "dismissed" Thomson. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

41. Answering paragraph 41, deny as worded.

42. Answering paragraph 42, admit.

43. Answering paragraph 43, admit this this allegation generally describes the WRAP system.

44. Answering paragraph 44, admit that O'Donnell, Vaubel, Wanish and Behn all assisted in securing Thomson in the WRAP device. Deny that Thomson was compliant. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

45. Answering paragraph 45, upon information and belief, admit.

46. Answering paragraph 46, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

47. Answering paragraph 47, admit.

48. Answering paragraph 48, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

49. Answering paragraph 49, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

50. Answering paragraph 50, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

51. Answering paragraph 51, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

52. Answering paragraph 52, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

53. Answering paragraph 53, upon information and belief, deny that Thomson became "unresponsive" during the transport as he was communicating with Officer Harvath. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

54. Answering paragraph 54, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

55. Answering paragraph 55, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

56. Answering paragraph 56, admit that Thomson was under arrest and not free to leave, to the extent that this request seeks a legal conclusion, deny. As to the remaining allegations regarding the County Defendants, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

57. Answering paragraph 57, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

58. Answering paragraph 58, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

59. Answering paragraph 59, admit that Thomson was removed from the squad car and taken to the booking area. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

60. Answering paragraph 60, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

61. Answering paragraph 61, deny.

62. Answering paragraph 62, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

63. Answering paragraph 63, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

64. Answering paragraph 64, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

65. Answering paragraph 65, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

66. Answering paragraph 66, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

67. Answering paragraph 67, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

68. Answering paragraph 68, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

69. Answering paragraph 69, deny.

70. Answering paragraph 70, deny that Thomson was not offered medical care. As to the remaining allegations, lack knowledge and information sufficient to form a belief, and therefore deny the same and put Plaintiff to their proof.

71. Answering paragraph 71, admit that after the BCJ determined they would not accept Thomson, he was placed back into the squad while still secured in the WRAP device and at some point thereafter appeared to be unresponsive. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity, and therefore deny the same and put Plaintiff to their proof.

72. Answering paragraph 72, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

12

73. Answering paragraph 73, admit that Thomson was removed from the squad, and the WRAP device was removed so that he could receive medical attention. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

74. Answering paragraph 74, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

75. Answering paragraph 75, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

76. Answering paragraph 76, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

77. Answering paragraph 77, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

78. Answering paragraph 78, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

79. Answering paragraph 79, admit.

80. Answering paragraph 80, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

81. Answering paragraph 81, deny.

82. Answering paragraph 82, to the extent this allegation is a legal conclusion, deny. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of the same, and therefore deny and put Plaintiff to their proof.

83. Answering paragraph 83, deny.

84. Answering paragraph 84, deny.

85. Answering paragraph 85, deny.

## VI. VIOLATIONOF LAW

### COUNT 1

86. Answering paragraph 86, incorporate by reference all responses contained in paragraphs 1 through 85 of this Answer.

87. Answering paragraph 87, deny.

88. Answering paragraph 88, deny.

89. Answering paragraph 89, deny.

90. Answering paragraph 90, deny.

91. Answering paragraph 91, deny.

## COUNT II.

93. Answering paragraph 93, incorporate by reference all responses contained in paragraphs 1 through 92 of this Answer.

94. Answering paragraph 94, deny.

95. Answering paragraph 95, deny.

96. Answering paragraph 96, deny.

97. Answering paragraph 97, deny.

98. Answering paragraph 98, deny.

99. Answering paragraph 99, deny.

100. Answering paragraph 100, deny.

101. Answering paragraph 101, deny.

102. Answering paragraph 102, deny.

## COUNT III.

103. Answering paragraph 103, incorporate by reference all responses contained in paragraphs 1 through 102 of this Answer.

104. Answering paragraph 104, deny.

105. Answering paragraph 105, deny.

106. Answering paragraph 106, deny.

107. Answering paragraph 107, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

108. Answering paragraph 108, deny.

109. Answering paragraph 109, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

110. Answering paragraph 110, deny.

## COUNT VII. CONDITIONS PERCEDENT

111. Answering paragraph 111, incorporate by reference all responses contained in paragraphs 1 through 110 of this Answer.

112. Answering paragraph 112, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiff to their proof.

## COUNT VIII. PRAYER FOR REFIEF

113. Answering paragraph 113, deny.

114. Answering paragraph 114, deny.

115. Answering paragraph 115, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny and put the Plaintiff to their proof.

116. Answering paragraph 116, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Any injuries or damages suffered by the Plaintiff were caused by their own conduct and negligence or the conduct of others.

3. Defendants had no reason to believe that their conduct violated the constitutional rights of the Plaintiff and are entitled to the defense of qualified immunity.

4. Plaintiff's state law claims are subject to the procedural prerequisites for bringing or maintaining a cause of action under § 893.80(1)(a) and (1)(b), Wis. Stats., and the exclusions, immunities and limitations on liability set forth in § 893.80 (3) and (4), Wis. Stats.

5. The Plaintiff may have failed to mitigate their damages.

6. Defendants' conduct was privileged.

7. One or more of Plaintiff's claims may not be cognizable by the *Heck* doctrine, the lack of a seizure or the existence of probable cause.

8. The individual defendant police officers are entitled to the defense of discretionary act immunity.

9. No individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of respondeat superior, or supervisory liability.

10. Any search of the Plaintiff was done incident to an arrest or search warrant.

11. All of the answering Defendants' acts were done in good faith and not motivated by malice or the intent to harm.

11. Plaintiff is not entitled to punitive damages.

**WHEREFORE**, the Green Bay Defendants request judgment as follows:

1. Dismissing the Complaint on its merits, together with costs and disbursements as well as attorney's fees in favor of the Green Bay Defendants.

2. For such other further relief as the Court may deem just and equitable and to which the Green Bay Defendants are entitled.

Dated at Wauwatosa, Wisconsin this 30th day of March, 2023.

> **WIRTH + BAYNARD**
> Attorneys for Defendants Christopher Vaubel, Ben Harvath, Karen Pineda, Michael O'Donnell, Alex Wanish, Thomas Behn, Scott Delsart, and the City of Green Bay
>
> BY: */s/ Jasmyne M. Baynard*
> Jasmyne M. Baynard
> SBN: 1099898
> Email: jmb@wbattys.com
> 9898 W. Bluemound Rd. Suite 2
> Wauwatosa, WI 53226
> P: (414) 291-7979
> F. (414) 291-7960