# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**THE ESTATE OF JASON THOMSON,**
   Plaintiff,

v.

**CHRISTOPHER VAUBEL, et al.,**
   Defendants.

**Case No: 23-CV-00084-WCG**

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

This Honorable Court will hold a telephonic Scheduling Conference on **May 11, 2023**, at 9:00 a.m. Counsel for the parties, having conferred as required by Fed. R. Civ. P 26(f), hereby submit the following Joint Report and Discovery Plan.

### I. NATURE OF CASE

This case involves officers and employees of the City of Green Bay and Brown County and individually named defendants methods of infringing on and violating the constitutional, civil and or statutory rights of Jason Thomson. The Plaintiff, Thomson's Estate, has alleged the following claims: 1) under 42 U.S.C § 1983 for excessive force in violation of the Fourth Amendment against defendants Ben Harvath; Karen Pineda; Christopher Vaubel; Michael O'Donnell; Alex Wanish; Sgt. Thomas Behn; and Scott Delsart; 2) under 42 U.S.C. § 1983 for failure to provide medical care under the Fourth and/or Fourteenth Amendments against defendants Ben Harvath; Karen Pineda; Christopher Vaubel; Michael C. O'Donnell; Alex Wanish; Sgt. Thomas Behn; Scott Delsart; Adam Schartner; Clint Pelishck; Rebecca Warren; Matthew West; Bryce Haines; and Kayla Kuchta; and 3) a claim for under 42 U.S.C §1983 *Monell* violations against the City of Green Bay and Brown County.

All defendants deny the substantive allegations in the operative Complaint. Defendants have provided affirmative defenses and deny they violated the Plaintiff's rights under both the Fourth/Fourteenth Amendments and *Monell* violations.

## II. EARLY DISPOSITION/MEDIATION

Since no discovery has occurred as of this date, the parties are presently not interested in early mediation. However, the parties may be open to mediation as an alternative dispute resolution after discovery has progressed.

## III. DISCLOSURES AS REQUIRED UNDER RULE 26(a)

a) Initial disclosures pursuant to Rule 26(a)(1) shall be made by both parties on or before **May 25, 2023**.
b) Plaintiffs shall designate any expert witnesses they intend to call at trial on or before **November 11, 2023**, and each Defendant shall designate any expert witnesses they intend to call at trial on or before **February 11, 2024**. The Parties disclosures must be in accordance with Fed. R. Civ. P. 26(a)(2).
c) Plaintiff shall identify rebuttal expert witnesses and provide rebuttal expert reports on or before **March 26, 2024**.
d) Pretrial disclosures pursuant to Rule 26(a)(3) shall be made as required by the provisions of Rule 26(a)(3).

## IV. SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

Discovery may be conducted with regard to the events alleged in the Complaint and in Defendants' Answers according to the standard of permissible discovery set forth in the Federal Rules of Civil Procedure.

## V. CHANGES IN LIMITATIONS ON DISCOVERY

a) **Depositions –** The parties agreed that more than the ten depositions allowed by Rule 30 will be necessary. Parties agree that other than depositions of the named parties, depositions will be limited to ten without leave of court of the agreement of the parties.

b) **Interrogatories –** The parties would agree to a total of twenty-five interrogatories which is the number of interrogatories allotted by Rule 33 without leave of court.

## VI. ADDITIONAL MATTERS AFFECTING SCHEDULING FOR FINAL DEPOSITION

a) **Amendments To Pleadings –** The parties are reviewing whether amendments will be appropriate or required and request a deadline of **August 4, 2024,** to amend pleadings without leave of court.

b) **Completion of Fact Discovery –** All fact discovery shall be completed by **April 31, 2024.**

c) **Motions Contemplated –** The parties anticipate that summary judgment or other dispositive motions may be filed in this matter. Any such motion must be filed on or before **May 15, 2024.**

c) **Expert Discovery Cut-Off –** The parties agree to the cut-off date for expert discovery of **April 31, 2024** for both Plaintiffs and Defendants.

d) **Estimated Trial Length –** The parties anticipate that a trial on this matter would last one to two weeks.

e) **Protective Orders –** The parties anticipate a protective order; they agree to boiler plate language used in past orders in the Eastern District.

Dated at this 4th day of May, 2023.

Respectfully Submitted,

By: /s/ Kevin G. Raasch
Kevin G. Raasch
KATERS & GRANITZ, LLC
8112 W. Bluemound Road, Ste. 101
Wauwatosa, WI 53213
Phone: (414) 600-9388
Fax: (414) 600-9551
kraasch@katersgranitz.com
Attorneys for Plaintiff The Estate of Jason Thomson

By: /s/ Sara C. Mills-Flood
Sara C. Mills-Flood
CRIVELLO CARLSON, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
Attorneys for Defendants, Brown County, Adam Schartner, Matthew West, Clint Pelischek, Kayla Kuchta and Bryce Haines

By: /s/ John J. Reid
John J. Reid
CASSIDAY SCHADE LLP
330 E Kilbourn Ave, Suite 575,
Milwaukee Wisconsin 53202
Phone: (414) 977-3890
Fax: (847) 932-6947
Attorneys for Defendant Rebecca Warren

By: /s/ Jasmyne M. Baynard
Jasmyne M. Baynard

WIRTH & BAYNARD
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Phone: (414) 225-4060
Attorneys for Defendants Christopher Vaubel, Ben Harvath, Karen Pineda, Michael O'Donnoell, Alex Wanish, Sgt. Thomas Behn, Schott Delsart, and The City of Green Bay